IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANIEL W. HARRIS, ESTHER M.L.K. SANTIAGO-HARRIS, DONNA M. SEGUNDO,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>COUNTY OF HAWAII, DOES 1-10,<br><br>　　　　Defendants. | CIVIL NO. 17-00449 RLP<br><br>MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT COUNTY OF HAWAII'S MOTION TO DISMISS COUNTS 4-12 OF COMPLAINT FILED SEPTEMBER 8, 2017 |

MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT
COUNTY OF HAWAII'S MOTION TO DISMISS COUNTS
4-12 OF COMPLAINT FILED SEPTEMBER 8, 2017

　　Before the Court is Defendant County of Hawaii's Motion to Dismiss Counts 4-12 of Complaint Filed September 8, 2017, filed on October 9, 2017 ("Motion"). ECF No. 8. Plaintiffs filed their Opposition on October 23, 2017. ECF No. 15. Defendant County of Hawaii ("the County") filed its Reply on November 2, 2017. ECF No. 18. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii and VACATES the hearing set for November 17, 2017. See ECF No. 11. After carefully reviewing the parties' submissions and the relevant legal authority, the Court GRANTS the County's Motion.

BACKGROUND

　　Plaintiffs filed their Complaint on September 8, 2017. ECF No. 1. In the Complaint, Plaintiffs allege that Plaintiff

Harris was shot with a Taser and beaten by Hawaii Police Department officers on September 15, 2015, when he was mistakenly arrested pursuant to a warrant for another individual who shared his same name.  Id. ¶¶ 10-26.  Plaintiff Segundo is Plaintiff Harris' mother and witnessed his arrest; Plaintiff Santiago-Harris is Plaintiff Harris' wife.  Id. ¶¶ 17, 27.  Plaintiffs assert federal claims under 42 U.S.C. § 1983 (Counts I, II, and III), and state law claims for assault and battery, for false arrest, false imprisonment, negligent training and supervision, negligence, gross negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and loss of consortium (Counts IV through XII[1]).  Id. ¶¶ 33-85.

In the present Motion, the County argues that all of Plaintiffs' state law claims[2] must be dismissed because they are barred by statute of limitations set forth in Hawaii Revised

---

[1] Although Plaintiffs' claim for loss of consortium is labeled "COUNT XI," it is the twelfth count listed in the Complaint.  See ECF No. 1 at 13.

[2] The County's Motion only seeks dismissal of Plaintiffs' state law claims.  The parties agree that Hawaii's general statute for personal injury actions, Hawaii Revised Statutes Section 657-7, which does not contain a notice provision, applies to Plaintiffs' federal Section 1983 claims against the County. See ECF Nos. 8-1, 15; see also Sadri v. Ulmer, Civ. No. 06-00430 ACK-KSC, 2007 WL 869192, at *3 (D. Haw. Mar. 21, 2007) (discussing the Supreme Court's decision in Owens v. Ukure, 488 U.S. 235 (1989), which requires courts to apply the "general or residual" state law statute of limitations to Section 1983 claims and holding that the statute of limitations in Section 46-72 does not apply to Section 1983 claims because it is not the general personal injury statute).

Statutes Section 46-72.  ECF No. 8-1.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), Defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Dismissal is proper if there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'"  UMG Recordings, Inc. v. Shelter Capital Partners, LLC, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)).

A statue of limitations defense can be the basis for a motion to dismiss if it is apparent from the face of the Complaint.  See Seven Arts Filmed Entm't Ltd. v. Content Media Corp., 733 F.3d 1251, 1254 (9th Cir. 2013); see also Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 902 (9th Cir. 2013) ("When an affirmative defense is obvious on the face of a complaint, however, a defendant can raise that defense in a motion to dismiss.") (citation omitted). However, "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."  Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206-07 (9th Cir. 1995).

Hawaii Revised Statutes Section 46-72 provides that in order to hold the County liable for tort claims, an injured

person must provide "notice in writing of the injuries and the specific damages resulting" to the individual identified in the county's charter "within two years after the injuries accrued." Haw. Rev. Stat. § 46-72.  The County's charter provides that written notice must be provided to the county clerk.  Section 13-18, Haw. Cty. Charter.  The Hawaii Supreme Court has held that Section 46-72's written notice provision operates as a statue of limitations.  Silva v. City & Cty. of Honolulu, 165 P.3d 247, 257 (Haw. 2007).

Here, there is no dispute that Plaintiffs did not provide written notice to the county clerk as required by Section 46-72.  See ECF No. 15.  However, Plaintiffs argue that their state law claims are not barred because Section 46-72 violates the Equal Protection Clause of the Hawaii Constitution and their state law claims against the County should be governed by the two-year general personal injury statute of limitations contained in Hawaii Revised Statutes Section 657-7, which does not contain a notice requirement.  Id. at 5-8.  In support of their argument, Plaintiffs cite Silva v. City and County of Honolulu.

In Silva, the Hawaii Supreme Court held that "the prior version" of Section 46-72, which required written notice to the county within six months on an injury, violated the Equal Protection Clause of the Hawaii Constitution because there was no rational basis to have a six-month statute of limitations for

4

tort victims injured by the county and a two-year statute of limitations for tort victims injured by private parties or the state. 165 P.3d at 257-60. However, and as recognized in Silva, the prior version of Section 46-72 was repealed and replaced with a two-year statute of limitations. See id. at 260. There is no support for Plaintiff's argument that the Supreme Court's decision in Silva requires a finding that the revised version of Section 46-72 violates the Equal Protection Clause of the Hawaii Constitution. The Hawaii Supreme Court expressly held that the "six-month provision" was the only "constitutional error" in the statute. Id. Section 46-72 now provides:

> the person injured . . . within two years after the injuries accrued shall give the individual identified in the respective county's charter . . . notice in writing of the injuries and the specific damages resulting, stating fully when, where, and how the injuries or damage occurred, the extent of the injuries or damages, and the amount claimed.

Haw. Rev. Stat. § 46-72.

When statutory language is "plain and unambiguous," a court's "sole duty is to give effect to its plain and obvious meaning." State v. Ribbel, 142 P.3d 290, 295 (Haw. 2006) (quoting Peterson v. Hawaii Elec. Light Co., Inc., 944 P.2d 1265, 1270-71 (Haw. 1997)). Under the plain language of Section 46-72, written notice must be provided to the County within two years of injury. Haw. Rev. Stat. § 46-72. Here, Plaintiff Harris was

5

injured on the night of September 15, 2015.  ECF No. 1 ¶ 10.
There is no dispute that Plaintiffs did not provide the required
written notice to the County's clerk within two years as required
by Section 46-72.  Even if Plaintiffs' Complaint was sufficient
written notice under Section 46-72, Plaintiffs did not serve a
copy of the Complaint on the County until September 18, 2017,
several days after the statute of limitations expired.  See ECF
No. 7.  Because Plaintiffs failed to comply with the requirements
of Section 46-72, Plaintiffs' state law claims are untimely and
must be DISMISSED.

CONCLUSION

The Court GRANTS Defendant County of Hawaii's Motion to Dismiss Counts 4-12 of Complaint Filed September 8, 2017.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, NOVEMBER 7, 2017.



Richard L. Puglisi
United States Magistrate Judge

**HARRIS, ET AL. v. COUNTY OF HAWAII; CIVIL NO. 17-00449 RLP; MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT COUNTY OF HAWAII'S MOTION TO DISMISS COUNTS 4-12 OF COMPLAINT FILED SEPTEMBER 8, 2017**

6